UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| YOLANDA HENRY | CIVIL ACTION |
| VERSUS | NO. 11-514 |
| SAXON MORTGAGE SERVICES, INC. | SECTION "L" (5) |

## ORDER AND REASONS

Currently pending before the Court is Plaintiff Yolanda Henry's motion to remand to state court (Rec. Doc. 7). The Court has reviewed the briefs and the applicable law and now issues this Order and Reasons.

### I.     BACKGROUND

This case arises out of a mortgage on a home owned by Plaintiff Yolanda Henry and issued by Defendant Saxon Mortgage Services, Inc. Plaintiff's home was damaged during Hurricane Katrina, at which time it was insured under a homeowners policy issued by Louisiana Citizens Property Insurance. Plaintiff made a claim under that policy, and alleges that Citizens forwarded the settlement check on August 14, 2007 to Saxon as the mortgageholder. According to Plaintiff, Saxon has held the settlement amount in an escrow account since that date, has until recently denied the existence of the settlement amount, and has refused after repeated demand to apply the amount of the settlement to the balance of the mortgage. Plaintiff filed suit in Civil District Court for the Parish of Orleans on January 13, 2011, alleging that Saxon's conduct has been negligent. She seeks to recover several categories of damages, including: four years of interest she paid on the portion of the mortgage to which the settlement amount should have been applied; the high rate of interest she has continued to pay on the mortgage because Saxon's conduct has interfered with her ability to refinance; rent that Plaintiff has been forced to pay

because Saxon's conduct has interfered with her ability to renovate her home; attorney's fees of $5,000; and damages for emotional distress due to harassing communications from Saxon. Plaintiff also "avers that at the time of the filing of this Petition for Damages her claim does not exceed $75,000, exclusive of interest and costs."

Defendant Saxon was served on February 1, 2011 and removed to this Court on March 3, 2011. Saxon has answered and denies liability.

## II. PRESENT MOTION

Plaintiff has filed a motion to remand (Rec. Doc. 7), asserting that removal was improper because the jurisdictional amount in controversy is not met. She relies largely on the "averment" in the petition that her claim does not exceed the jurisdictional amount under 28 U.S.C. § 1332, as well as various post-removal confirmations of that position. Saxon opposes the motion. It argues that the specific categories of damages claimed in the petition make it facially apparent that Plaintiff's claim exceeds the jurisdictional threshold.

## III. LAW AND ANALYSIS

Diversity jurisdiction requires complete diversity of citizenship and more than $75,000 in controversy. 28 U.S.C. § 1332(a). "Louisiana prohibits plaintiffs from petitioning for a specific monetary amount" and the Fifth Circuit employs a specific framework for analyzing motions to remand to Louisiana state court. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). A removing defendant bears the burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Id.* The defendant may satisfy its burden by either: (1) showing that it is facially apparent that the claim is *likely* to exceed $75,000, or (2) setting forth "summary judgment type evidence" of facts in controversy that support a finding of the jurisdictional amount. *Id.* "Where the district court is making the

'facially apparent' determination, the proper procedure is to look only at the face of the complaint and ask whether the amount in controversy [is] likely to exceed $[75,000]." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995). "In situations where the facially apparent test is not met, the district court can then require parties to submit summary-judgment-type evidence, relevant to the amount in controversy at the time of removal." *Id.* If a defendant satisfies its burden, the district court has jurisdiction unless it is apparent to a legal certainty that the plaintiff's claim is actually for an amount of $75,000 or less. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995). A plaintiff can show to a legal certainty that a claim is less than the jurisdictional amount by filing with their complaint a binding stipulation or affidavit "stating that they affirmatively seek less than the jurisdictional threshold, and further stating that they will not accept an award that exceeds that threshold." *Ditcharo v. United Parcel Svc., Inc.*, 376 F. App'x 432, 437 (5th Cir. 2010); *Manguno*, 276 F.3d at 724; *De Aguilar*, 47 F.3d at 1412 & n.10.

"As the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (quotation omitted). "The removal statute is therefore to be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Id.* at 281-82.

As a threshold matter, Plaintiff's statement in the petition regarding the value of her claim, by itself, is insufficient to defeat jurisdiction. "[A] plaintiff must affirmatively waive the right to accept a judgment in excess of the jurisdictional amount in order for his pre-removal state-court stipulations to bind him." *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 389 (5th Cir. 2009); *see also Ditcharo*, 376 F. App'x at 437. Likewise, post-removal affidavits may not divest

3

the court of jurisdiction if it is facially apparent from the face of the petition that the amount in controversy exceeds the jurisdictional threshold at the time of removal. *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2003). Such affidavits may only be considered to clarify an ambiguous amount in controversy, as it existed at the time of removal. *See id.* Thus, the Court must proceed to examine whether the jurisdictional amount is facially apparent.

In this case, Saxon has not carried its burden to show by a preponderance that it is apparent from the face of the petition that the requisite amount in controversy is likely to exceed the jurisdictional threshold. The concrete sums Plaintiff articulates as owed are the approximately $19,578.68 in interest that she would not have had to pay had the settlement been applied to her mortgage balance immediately, and $5,000 in attorneys' fees she accrued prior to filing. Plaintiff also seeks to recover the difference between the interest she actually paid over four years on the balance of the mortgage (less the settlement amount) at a rate of 10.175%, and the interest she would have paid had she been able to refinance the mortgage. Plaintiff calculates that she paid $3,663.00 on the balance of the mortgage, so the *additional* interest she paid, above and beyond what she would have paid pursuant to a hypothetical lower re-financed interest rate, must necessarily be less than $3,663.00. Thus, Plaintiff has alleged concrete amounts owed somewhere between $24,578.68 and $28,241.68.

For the petition to facially allege an amount exceeding the jurisdictional requirement, the remaining amount in controversy (something between $46,758.32 and $50,422.32) must therefore be found in the four years of rent she allegedly incurred because Saxon's conduct delayed her moving back into her renovated home[1]; Plaintiff's emotional distress from Saxon's

---

[1] The supporting documents provided by the parties indicate that Plaintiff's home has actually been demolished. Saxon also argues, based on Census data, that 53.9 percent of Houston residents paid more than $750 per month in rent between 2005 and 2009. It is not

4

collection efforts; and post-filing attorneys' fees.  That is, something close to two-thirds of the amount in controversy must be attributable to emotional distress, attorney's fees, and unnecessarily accrued rent.  This is not a personal injury case with extensive medical expenses or pain and suffering.  Given the specific nature of the alleged negligence of Saxon, the fact that Saxon bears the burden of showing jurisdiction, and that the Court must resolve uncertainties in favor of remand, the Court concludes that it is not facially apparent from the petition that the amount in controversy likely exceeds $75,000.  Accordingly, the Court lacks subject matter jurisdiction.

IV.    **CONCLUSION**

For the foregoing reasons, Plaintiff's motion to remand is GRANTED and this case is remanded to the Civil District Court for the Parish of Orleans, State of Louisiana.

New Orleans, Louisiana, this   23rd   day of   May  , 2011.

_____
UNITED STATES DISTRICT JUDGE

---

apparent from the face of the petition that Plaintiff's house has been demolished, or that she has lived in Houston for the past four years; indeed, the petition states that Ms. Henry is a resident of Orleans Parish.  Accordingly, the Court gives no weight to these implications, which do not appear from the face of the petition.